UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRYAN HALVERSON,<br><br>    Plaintiff,<br><br>v.<br><br>BARCLAYS SERVICES LLC,<br><br>    Defendant. | Case No. 2:25-cv-00939-APG-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Amended Complaint alleging a violation of Title VII of the 1964 Civil Rights Act. ECF Nos. 1, 3. Plaintiff's IFP application is granted. Plaintiff's Amended Complaint is dismissed without prejudice, but with leave to amend.

**I.  Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship*

*v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.     Discussion**

"Exhausting administrative remedies by filing a timely charge with the EEOC or the appropriate state agency is a statutory pre-requisite for an employee to pursue litigation under … Title VII …." *Ramirez v. Kingman Hosp. Inc.*, 374 F. Supp. 3d 832, 854 (D. Ariz. 2019) (citation omitted). Plaintiff's Amended Complaint fails to allege he filed a Charge of Discrimination or that he received a Right to Sue Letter thereby failing to establish exhaustion of his administrative remedies. *Id*. compare ECF No. 3. In the absence of any indication Plaintiff exhausted his administrative remedies, his Complaint cannot proceed before the Court.

Further, to allege a *prima facie* claim of discrimination in violation of Title VII sufficient to survive a § 1915 screening, Plaintiff must allege: (a) he belongs to a protected class; (b) he was qualified for the job he was performing; (c) he was subjected to an adverse employment action; and (d) similarly situated employees not in his protected class received more favorable treatment. *See Shepard v. Marathon Staffing, Inc.*, 2014 U.S. Dist. Lexis 76097, *5 (D. Nev. June 2, 2014) (citing *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006)). Plaintiff identifies his protected class; however, he does not allege any facts satisfying the remainder of a *prima facie* case of discrimination.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Amended Complaint (ECF No. 3) is DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff so chooses he may file a second amended complaint no later than **June 20, 2025**. If the second amended complaint seeks to proceed on a Title VII claim, Plaintiff must allege facts demonstrating he exhausted his administrative remedies (that is, he filed a Charge of Discrimination with the EEOC or Nevada Equal Rights Commission and received a Right to Sue letter no more than 90 days before he initiated this action). Plaintiff must also plead facts, not mere conclusions, supporting a *prima facie* case of discrimination.

Plaintiff is advised that if he files a second amended complaint, the Amended Complaint (ECF No. 3) no longer serves any function in this case. As such, the second amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's second amended complaint complete.

IT IS FURTHER ORDERED that failure to timely comply with the terms of this Order may result is a recommendation to dismiss this matter in its entirety.

Dated this 3rd day of June, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE