UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRYAN HALVERSON,<br><br>Plaintiff,<br><br>v.<br><br>BARCLAYS SERVICES LLC,<br><br>Defendant. | Case No. 2:25-cv-00939-APG-EJY<br><br>**ORDER** |

On June 3, 2025, the Court entered an Order granting Plaintiff's Application to Proceed *in forma pauperis* and dismissing Plaintiff's Amended Complaint without prejudice, but with leave to amend. ECF No. 4. Plaintiff filed a Second Amended Complaint and then, before that Complaint could be screened, he filed what is effectively the Third Amended Complaint. ECF Nos. 5, 7. The Third Amended Complaint (ECF No. 7) is the operative complaint and is screened below.

**I.      Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.     Discussion**

Attached to Plaintiff's Third Amended Complaint is a right to sue letter, issued by the EEOC, that demonstrate exhaustion of administrative remedies and timely initiation of this action. ECF No. 7 at 9. *Ramirez v. Kingman Hosp. Inc.*, 374 F. Supp. 3d 832, 854 (D. Ariz. 2019) (citation omitted) ("[e]xhausting administrative remedies by filing a timely charge with the EEOC or the appropriate state agency is a statutory pre-requisite for an employee to pursue litigation under … Title VII …."). The Third Amended Complaint asserts violations of the Americans with Disabilities Act ("ADA") based on a failure to accommodate and discriminatory termination.

To state a *prima facie* discriminatory termination claim under the ADA, Plaintiff must allege facts demonstrating: (1) he is a disabled person within the meaning of the ADA; (2) he is a qualified individual; and (3) the Defendant terminated him because of his disability. *Kennedy v. Applause,* 90 F.3d 1477, 1481 (9th Cir. 1996). To state a plausible failure to accommodate claim under the ADA, Plaintiff must allege that: (1) he is disabled within the meaning of the ADA; (2) he is a qualified individual; (3) he requested a reasonable accommodation; (4) Defendant knew of the requested accommodation; and (5) Defendant failed to reasonably accommodate his disability. *See Allen v. Pacific Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003); *Iwaniszek v. Pride Transport, Inc.*, Case No. 2:17-cv-02918-JCM-BNW, 2021 WL 634991, at *3 (D. Nev. Feb. 17, 2021).

Here, liberally construing Plaintiff's Third Amended Complaint, the Court finds Plaintiff sufficiently pleads he suffers from a vision and eye problem that is disabling. ECF No. 7 at 4-5.

Plaintiff further alleges he was qualified for his job, he sought a reasonable accommodation from his Defendant-employer on more than one occasions, his requests were denied, and he was ultimately terminated because of his disability. *Id*. at 4-7. Thus, Plaintiff states facial violations of the ADA against Defendant based on an alleged failure to accommodate and a discriminatory termination.

### III.   Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Third Amended Complaint (ECF No. 7) may proceed.

IT IS FURTHER ORDERED that the Clerk of Court **must** send Plaintiff **one** USM-285 form, which Plaintiff **must** complete to the best of his ability and return to the U.S. Marshal Service no later than **July 3, 2025**, at the following address:

> Gary G. Schofield
> U.S. Marshal, District of Nevada
> Lloyd D. George Federal Courthouse
> 333 Las Vegas Blvd. S., Suite 2058
> Las Vegas, Nevada 89101

Plaintiff is advised to review the Nevada Secretary of State Business Entity Search website for the identity and address for Defendant's registered agent upon whom service of his Third Amended Complaint should be made.

IT IS FURTHER ORDERED that the Clerk of Court **must** issue a summons for Defendant and deliver the summons, together with one copy of Plaintiff's Third Amended Complaint (ECF No. 7) and one copy of this Order, to the U.S. Marshal Service for service on Defendant.

IT IS FURTHER ORDERED that the U.S. Marshal Service **must** attempt service no later than twenty-one (21) days after receipt of the USM-285 from Plaintiff and documents from the Clerk of Court.

IT IS FURTHER ORDERED that Plaintiff's failure to timely comply with the terms of this Order may result is a recommendation to dismiss this matter in its entirety.

Dated this 16th day of June, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE