UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN HALVERSON, | Case No. 2:25-cv-00939-APG-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| BARCLAYS SERVICES LLC, | |
| Defendant. | |

Pending before the Court are three overlapping Motions filed by Plaintiff. These Motions include requests for a protective order, to limit communication, and to compel rules of professional conduct. ECF Nos. 24, 25, 26. Plaintiff complains that an email sent by defense counsel asking whether he would agree to arbitrate his claims included notice that Defendant would seek attorney's fees if forced to file a motion to compel arbitration. *See* ECF Nos. 24 at 3, 24-1 at 1.[1] Plaintiff also complains about a phone number on which he was called, the alleged tone of communications, and various issues demonstrating some lack of understanding regarding the EEOC process that preceded the case in court. ECF No. 24, *generally*

Fed. R. Civ. P. 26(c) permits the Court to issue a protective order provided "[t]he motion … include[s] a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Further, Rule 26(c) requires the moving party to show good cause for the relief requested. *Id*. When "good cause" is shown, the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense …." *Id*. "To establish good cause, a party seeking a protective order must set forth particular and specific demonstrations of fact, as distinguished from stereotyped and conclusory statements." *Collins v. City & County of San Francisco*, Case Nos. 13–cv–03456–MEJ, 13–cv–05286–MEJ, 14–cv–01429–MEJ, 2014 WL 7665248, at \*3 (N.D. Cal. Oct. 30, 2014) (internal citations omitted).

---

[1] Because Plaintiff's three Motions appear in one consolidated filing, the Court cites only to ECF No. 24.

1

The allegations made by Plaintiff do not warrant a protective order. The Court's review of written communication demonstrates defense counsel used a professional tone, engaged in no abuse, and made no threats. ECF No. 24-1. While defense counsel advises Plaintiff of an intent to seek attorney's fees, there is nothing improper about doing so under the circumstances and in the manner done here. *Id*. Further, calling a wrong number or being unavailable at the moment Plaintiff called during a two hour window provided for a meet and confer, as alleged by Plaintiff (ECF No. 24 at 3), do not establish improper conduct by defense counsel.

The Court understands Plaintiff may be frustrated with the litigation process. Litigation can be complicated. There are many Federal Rules of Civil Procedure with which Plaintiff is undoubtedly unfamiliar. Plaintiff also demonstrates some lack of familiarity with the process frequently engaged in when attempting to file a stipulation,[2] as well as the EEOC pre-litigation mediation process that does not include arbitration. There is no Rule of Professional Responsibility or other duty of which the Court is aware that imposes on defense counsel an obligation to advise an opposing party that he or she is subject to arbitration based on an agreement that party signed.

In sum, the Court finds no basis for a protective order; no support for Plaintiff's contention that defense counsel violated any rule governing professional conduct; and no reason limit communications between the parties. Professionalism, cordiality, and cooperation are required, but these standards appear to be largely met.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motions for Protective Order, to Limit Communication, and to Compel Rules of Professional Conduct (ECF Nos. 24, 25, 26) are DENIED.

Dated this 14th day of August, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[2] Sending a proposed stipulation in a format that allows editing such as Microsoft Word, rather than in a PDF, is common practice. Defense counsel nonetheless appears to have sent the proposed stipulation in PDF format when requested to do so by Plaintiff.

2